David Chessik
Nevada Bar No. 10324
820 S. 6th street, Suite D
Las Vegas, Nevada, 89101
davidchessik@gmail.com
(702) 324 7746, Fax 888-0653
Attorney for Debtors

EFiled 12-28-09

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: BK-S-09-24596-LBR |
| RENATO RON RITTER AKA RON RITTER AKA RON RENATO RITTER AND PATRICIA MARIE RITTER AKA P.K. RITTER, | CHAPTER 7, Converted from 13 |
| | **OPPOSITIOIN TO MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| | Hearing Date: Jan. 15, 2010 |
| | Time of Hearing: 10:30AM |

The Debtors call into question whether or not the Movants are the real parties of interest to the subject matter of this motion; the note. The Movants 'Motion for Relief from the Automatic Stay' declares that the motion is on behalf of, "Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders CWMBS, Inc. Asset-Backed Certificates, Series 2006-1, secured creditor herein." However, looking to the 'Deed of Trust' provided by Movant's Counsel, it is apparent that the LENDER is Countrywide Home Loans Inc., the TRUSTEE is Recon Trust Company, N.A., and MERS is declared as beneficiary, and BORROWERS are Renato Ron Ritter and Patricia M. Ritter. Nowhere mentioned is "Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders CWMBS, Inc. Asset-Backed Certificates, Series 2006-1. "

- 1

Moreover, there is no evidence of assignment offered by Movant's counsel from the parties named in the 'Deed of Trust' to the parties who claim to be payee to the note; Mellon and friends. Paragraph 2 of the motion alleges that the Mellon group is the current payee, but does not allege that they are also the noteholder. Who holds the Deed of Trust currently, who is the holder of the note?

Federal Rule of Civil Procedure 17 requires that an action must be prosecuted in the name of the real party of interest, by the true party of interest, or by its legal nominee or agent. That has been the previous ruling of this court; a ruling that was upheld by Federal Court for the District of Nevada. It is the burden of the Movant to provide evidence of standing.

However, the motion contains no evidence of assignment, and no evidence that the Movants are legally the nominees of the note holder, whoever the note holder might be. There is zero evidence offered that the Movants are the note holders, or the agent of the note holders, and therefore the Debtors oppose the Movant's motion for Relief from the Automatic Stay, until the Movants can bring forward credible evidence of assignment.

Respectfully submitted by,

David Chessik
Nevada Bar No. 10324
820 S. 6th street, Suite D
Las Vegas, Nevada, 89101
davidchessik@gmail.com
(702) 324 7746, Fax 888-0653

###

- 2 -